UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RAVEN BUSH,

                          Plaintiff,

          -against-

CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Raven Bush ("plaintiff" or "Mr. Bush") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 7:30 p.m. on February 11, 2012, Mr. Bush was violently attacked by defendant officers in the vicinity of Centre Mall Street in the Red Hook neighborhood of Brooklyn New York.

12. During the course of their attack of him, defendants struck Mr. Bush in the head with what he believed was a police radio.

13. A defendant officer then grabbed Mr. Bush by his shirt and kneed him on the side of his face repeatedly.

14. Mr. Bush fell to the ground.

15. A defendant officer then kneed Mr. Bush in his back, pinning him to the ground, as another defendant officer punched him in his face.

16. Mr. Bush requested medical treatment at the scene, but defendants refused to call EMS and instead responded, in sum, "man up."

17. Mr. Bush was eventually taken to the 60th Precinct.

18. Again, Mr. Bush requested medical treatment. Eventually medical care providers were contacted and plaintiff was taken to Coney Island Hospital.

19. At the hospital, Mr. Bush was diagnosed with fractures to his cheek and jaw as well as an open wound to his head requiring stitches.

20. Mr. Bush suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, pain and bodily injury.

## FIRST CLAIM
### Unreasonable Force

21. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

22. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

23. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Deliberate Indifference to Medical Needs

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

26. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Failure To Intervene

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

30. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### *Monell*

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. This is not an isolated incident.

34. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

35. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

36. The City, at all relevant times, was, upon information and belief, aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

37. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: August 26, 2013
New York, New York

HARVIS WRIGHT
SALEEM & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwsflegal.com

*Attorneys for plaintiff*
